UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2004 AUG 10 P 12: 56

LITTLETON COIN COMPANY, INC. )
)
) Civil Case No.: C-04-298-B
v. )
)
NATIONAL COLLECTOR'S MINT, INC. )

JURY TRIAL DEMANDED
CLAIM OF UNCONSTITUTIONALITY

**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**

Plaintiff Littleton Coin Company, Inc. ("Littleton Coin"), for its complaint against National Collector's Mint, Inc. ("NCM"), alleges as follows:

**Nature of Action**

1. Littleton Coin is in the business of re-selling commemorative medals bearing the name and likeness of former President Ronald W. Reagan after obtaining them from the United States Mint and plating them with gold or silver. Despite the fact that the United States government issues the medals, NCM claims to hold an exclusive license to rights of publicity and the use of former President Reagan's name and image on plated or colorized coins and medals, and has threatened Littleton Coin with suit unless it stops selling these medals. Littleton Coin seeks the Court's declaratory judgment ruling that NCM has no such exclusive license rights, a preliminary and permanent injunction, and damages on account of NCM's improper threats and intentional interference with Littleton Coin's right to sell the Reagan medals and similar products.

**Jurisdiction And Venue**

2. In this action, Littleton Coin invokes the United States and New Hampshire Constitutions, federal law and statutes and New Hampshire law. This Court therefore has



Sms & Warner
8/10/04

original jurisdiction under 28 U.S.C. §§ 1331 and 1338(b), and pendant and supplemental jurisdiction under 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and (c).

**The Parties**

4. Littleton Coin is a New Hampshire Corporation with offices, a principal place of business and address at 1309 Mt. Eustis Road, Littleton, New Hampshire 03561-3735, and is a national distributor and seller of collectible coins, medals, paper money and related merchandise.

5. NCM is a Delaware Corporation with offices and a principal place of business and address at Suite 2, 8 Slater Street, Port Chester, New York 10573, and is a competitor of Littleton Coin in the collectible coins and medals market.

**Personal Jurisdiction**

6. NCM does mail order business throughout the United States through catalogs and a "virtual store" on the internet and through the United States mail and, on information and belief, solicits and/or does sufficient business in and with the citizens of New Hampshire to have resulting general jurisdictional contacts here.

7. NCM sent correspondence to Littleton Coin in New Hampshire that asserts that Littleton Coin, through sales of medals originating in New Hampshire and purchased via Littleton Coin's own web site and "virtual store" here, is infringing on NCM's alleged property rights. NCM has threatened legal action concerning Littleton Coin's sales of those medals, which are present in and originate from New Hampshire, and has also attempted to enter into a licensing contract with Littleton Coin concerning those medals. This action therefore also relates to acts and injuries in New Hampshire and resulting specific jurisdictional contacts here.

**Statement of Facts**

8. For some time, Littleton Coin has sold commemorative Presidential medals bearing the profile of former President Ronald W. Reagan accompanied by the words "RONALD REAGAN, PRESIDENT OF THE UNITED STATES" and, on the reverse side, a depiction of Half Dome and the words ". . . LET US RENEW OUR FAITH AND OUR HOPE. WE HAVE EVERY RIGHT TO DREAM HEROIC DREAMS . . ."; "INAUGURATED JANUARY 20, 1981"; and "YOSEMITE NATIONAL PARK". (Hereafter, these medals will be called the "Reagan Presidential Medals").

9. Prior to sale to its customers, Littleton Coin purchases Reagan Presidential Medals from the United States Mint, which has sold Reagan Presidential Medals since the 1980s and sells two versions – one with and one without a clear protective coating. The United States Mint sells the version without the protective coating so that purchasers may plate and/or colorize the medals and resell them.

10. On information and belief, the United States Mint determined that the images on the Reagan Presidential Medals are in the public domain prior to offering them for sale to the public and commemorative coin and medal dealers like Littleton Coin and NCM, among others, for re-sale.

11. Littleton Coin has a thin layer of gold or silver applied to the surface of the Reagan Presidential Medals without protective coatings and then sells the plated medals to its customers over the internet and through the United States mail. This plating process does not change the image on the medal, but only adds a thin surface metal layer of a different color.

12. NCM also purchases the Reagan Presidential Medals from the United States Mint, either has a thin layer of gold or silver applied or otherwise colorizes the surface, and then sells Reagan Presidential Medals to its customers over the internet and through the United States mail.

13. NCM advertises the Reagan Presidential Medals for sale on its website servers and sells them by orders received "on-line". Embedded within NCM's website advertisements is a link, http://reaganlibrary.com, which directs its customers to the site for the Ronald Reagan Presidential Library Foundation (the "Foundation"), a public charity associated with the late President, where NCM is listed among the "Official Reagan Foundation Licensees." True and correct copies of the present NCM webpage advertisements depicting the Reagan Presidential Medals are attached as Exhibit 1.

14. Littleton Coin has also advertised the Reagan Presidential Medals for sale on its website servers in New Hampshire and sold them by orders received in Littleton, New Hampshire. Nowhere in its advertising does Littleton Coin refer to NCM, the Foundation or status concerning any alleged licensure or not by the Foundation. True and correct copies of Littleton Coin's webpage advertisements depicting the Reagan Presidential Medals are attached as Exhibit 2.

## NCM's Threats Of Legal Action And Claims

15. On or about July 9, 2004, counsel for NCM wrote to Littleton Coin claiming NCM to be the exclusive licensee of the Foundation for rights of publicity and rights in and to the use of the name, likeness and image of President Ronald W. Reagan on various coins and medals listed on an exhibit to its alleged license agreement with the Foundation (hereafter, the "Contested Rights"). A true and correct copy of that letter with its attachments asserting the Contested Rights is attached to this Complaint as Exhibit 3.

16. In its July 9, 2004 letter, NCM stated it had filed an action against parties other than Littleton Coin in California Federal Court in June 2004 seeking to enforce the Contested Rights, and had settled with all other defendants in that action concerning the Contested Rights through Consent Judgments with those parties. Littleton Coin was not named as a defendant in the California action and has not agreed to any resolution concerning the Contested Rights.

17. On information and belief, that California action is now concluded, but for the California District Court's continuing jurisdiction to enforce those Consent Judgment settlement agreements. Littleton Coin is not aware of any contested judicial adjudication of the validity and scope of the Contested Rights in that case or any other case.

18. NCM in its July 9, 2004 letter asserted that the Reagan Presidential Medals purchased, plated and sold by Littleton Coin infringed upon its asserted Contested Rights, violated NCM's rights in the Reagan right of publicity and constituted false designation of origin and unfair competition, under both state and federal law.

19. NCM in its July 9, 2004 letter threatened litigation that would seek a restraining order if Littleton Coin did not "discontinue the promotion and sale of any coins and/or medals bearing the Reagan Image." NCM claimed a right against infringement of the items that fell within the scope of Exhibit 1 to that letter, which is Exhibit 3 to this Complaint.

20. Among the items about which NCM claimed exclusive property rights in its letter of July 9, 2004 were the following items "featuring the likeness of President Ronald W. Reagan and/or key historic moments or elements of his presidency": 1) colorized United States legal tender coins; 2) color photos or renderings on an American Eagle Bullion Coin, Statehood Quarters and/or other coinage; 3) one or more new foreign legal tender coins; 4) coin and

currency replicas struck in gold or silver foil and/or in solid metal or covered with gold or silver; and 5) United States Mint medals covered in gold and/or silver or colorized.

21. On or about July 20, 2004, NCM followed its letter and presented Littleton Coin with a form of proposed License Agreement under which it would receive royalties of nine percent (9%) on all of Littleton Coin's gross sales of Reagan Presidential Medals and that limited and proscribed Littleton Coin's right to sell the Reagan Presidential Medals or similar products. A true and correct copy of the proposed License Agreement is attached as Exhibit 4.

22. As a result of NCM's threats, Littleton Coin notified NCM that it would stop selling the Reagan Presidential Medals to avoid the alternative threatened litigation or License Agreement, but protested that NCM did not validly possess the Contested Rights.

23. In response, NCM continued to seek remuneration from Littleton Coin in the form of royalties for past sales of approximately $25,000.

24. On information and belief, due to his recent death and the interest of the public, Congress is likely to authorize and the United States Mint is likely to issue additional forms of United States paper currency, coins or medals featuring President Reagan's image, and the commercial market for such materials will be substantial.

25. Littleton Coin desires to sell Reagan Presidential Medals to its customers.

26. Littleton Coin also desires to provide its customers with other currency, coins or medals and associated promotional materials bearing President Reagan's image as President that are coated with precious metals or have a colorized image applied to the surface of the coin or medal (collectively "Reagan Presidential Memorabilia").

27. Littleton Coin has a present legal right to obtain, coat, plate, and sell the Reagan Presidential Medals, with or without protective coatings, and other Reagan Presidential

Memorabilia, for there is no protected and saleable right of publicity in an image of a former president, and the Contested Rights are without legal force.

28. On information and belief, no court, including the California Federal District Court in the prior action filed by NCM, has finally and substantively determined that NCM exclusively enjoys any of the Contested Rights or that material such as the Reagan Presidential Medals or other Reagan Presidential Memorabilia sold by NCM's competitors, including Littleton Coin, infringe upon such rights.

29. An actual controversy exists concerning the rights and obligations of Littleton Coin and NCM that is real, adverse and ripe for judicial determination.

30. A declaration of this Court concerning the Contested Rights will materially resolve the controversy and allow Littleton Coin to proceed without interference and threats.

## COUNT I -- DECLARATORY RELIEF

## VIOLATION OF THE UNITED STATES CONSTITUTION FIRST AND FOURTEENTH AMENDMENTS

31. Littleton Coin repeats and realleges the allegations in Paragraphs 1-30 as if fully set forth herein.

32. The First Amendment of the United States Constitution contemplates a broad range of expression concerning sitting and former government officials, particularly those who hold or have held significant public offices such as a current or former President. Depictions of such persons in their official capacity are not and cannot be the exclusive property of any individual or company, but rather are the property of all Americans.

33. Littleton Coin is entitled to the Court's declaration that enforcement of the Contested Rights against Littleton Coin, under any federal or state statute or common law, to bar the sale and re-sale of Reagan Presidential Medals and other Reagan Presidential Memorabilia,

absent licensing and a royalty payment to NCM, would deprive Littleton Coin of its rights to free expression as secured by the First Amendment to the United States Constitution and made applicable to states by the Fourteenth Amendment.

**COUNT II -- DECLARATORY RELIEF**

**VIOLATION OF ARTICLE 22 OF THE NEW HAMPSHIRE CONSTITUTION,**

34. Littleton Coin repeats and realleges the allegations in Paragraphs 1-33 as if fully set forth herein.

35. Article 22 of the New Hampshire Constitution provides: "Free speech . . . [is] essential to the security of freedom in a state . . . [and] ought, therefore, to be inviolably preserved."

36. Littleton Coin is entitled to the Court's declaration that enforcement of the Contested Rights against Littleton Coin to bar the sale and re-sale of Reagan Presidential Medals and other Reagan Presidential Memorabilia in New Hampshire, absent licensing and royalty payment to NCM, would deprive Littleton Coin of its rights to free speech and would violate the provisions of Article 22 of the New Hampshire Constitution.

**COUNT III -- DECLARATORY RELIEF**

**NO VIOLATION OF THE LANHAM ACT OR FEDERAL COMMON LAW**

37. Littleton Coin repeats and realleges the allegations in Paragraphs 1-36 as if fully set forth herein.

38. By their letter of July 9, 2004, NCM stated that Littleton Coin's sale of the Reagan Presidential Medals constituted "false designation of origin and unfair competition under United States federal and state laws."

39. The federal law of unfair competition and false designation or origin is codified, in part, by the Lanham Act, 15 U.S.C. § 1125 (a), which prohibits the use of false designations of origin, fake descriptions and dilution in the sale of goods in commerce, and by federal common law.

40. The sale and re-sale of Reagan Presidential Medals and other Reagan Presidential Memorabilia is unlikely to cause confusion, mistake or to deceive the public as to the affiliation, connection, origin, sponsorship, association, or approval of such goods by NCM or the Foundation.

41. Littleton Coin in its advertising and promotion has not misrepresented the nature, characteristics, qualities or geographic origins of its own or NCM's goods, or otherwise engaged in any unfair trade practice.

42. Littleton Coin is entitled to the Court's declaration that Littleton Coin in its advertising, promotion and sale of Reagan Presidential Medals has not engaged in any unfair competition under the Lanham Act or federal common law.

**COUNT IV – DAMAGES**

**NEW HAMPSHIRE CONSUMER PROTECTION ACT**

43. Littleton Coin repeats and realleges the allegations in Paragraphs 1-42 as if fully set forth herein.

44. NCM is a "person" engaged in "trade" and "commerce" as those terms are defined in RSA 358-A:1.

45. NCM engaged in unfair and/or deceptive acts and/or practices in the conduct of trade or commerce by asserting an exclusive right of publicity in images that are in the public domain, by threatening litigation to enforce non-existent rights, by asserting that Littleton Coin

was selling infringing goods and by demanding money for the legitimate sales by Littleton Coin and others of the Reagan Presidential Medals and other Reagan Presidential Memorabilia. These acts were unlawful, without limitation, under RSA 358-A:2 II, III, V, and VIII.

46. NCM's actions were part of a concerted effort both within and without New Hampshire, and were willful and knowing.

47. Littleton Coin has been injured and continues to suffer injury to its protected commercial rights and interests as a result of NCM's unfair and deceptive acts or practices.

**COUNT V – DAMAGES**

**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

48. Littleton Coin repeats and realleges the allegations in Paragraphs 1-47 as if fully set forth herein.

49. Littleton Coin had existing economic relationships whereby customers would order Reagan Presidential Medals over its website, by phone or by mail and Littleton Coin would supply Reagan Presidential Medals to them and would profit thereby.

50. Given its past economic relationships and business, and President Reagan's very recent death, Littleton Coin has a reasonable expectation and promise of expanded prospective economic relationships and opportunities for sales of more Reagan Presidential Medals and other Reagan Presidential Memorabilia through its channels of sale and distribution.

51. NCM knew of these existing and prospective economic relationships and opportunities.

52. NCM intentionally, willfully, wantonly, maliciously and/or oppressively and without legal right interfered with Littleton Coin's existing and prospective economic relationships by asserting the Contested Rights, threatening suit, demanding that Littleton Coin

sign a license agreement and pay royalties, and by otherwise demanding money from Littleton Coin due to its sale and prospective sales of the Reagan Presidential Medals and other Reagan Presidential Memorabilia.

53. Littleton Coin has sustained damage as a result of such interference.

**COUNT VI – INJUNCTIVE RELIEF**

54. Littleton Coin repeats and realleges the allegations in Paragraphs 1-53 as if fully set forth herein.

55. NCM asserts claims adverse to Littleton Coin's legal rights and commercial interests and, unless enjoined from doing so, NCM will likely continue to attempt to block Littleton Coin from legitimately selling and re-selling items such as the Reagan Presidential Medals and other Reagan Presidential Memorabilia through threats of suits, actual suit and unsupportable demands.

56. Littleton Coin is likely to succeed on the merits of this case and the balance of hardship tilts decidedly in its favor.

57. Unless injunctive relief is granted, Littleton Coin would be irreparably harmed in that it will be foreclosed from its rights of free expression, will lose its market for Reagan Presidential Medals and other Reagan Presidential Memorabilia and will not be able to engage in political speech or participate in such market at the time of peak demand.

58. The requested relief will not cause disproportionate hardship or loss to NCM, and the public interest favors granting the requested relief.

59. Littleton Coin has no adequate remedy at law.

60. The New Hampshire Consumer Protection law, under RSA 358-A:10 (I) authorizes the granting of equitable relief, including an injunction, as the Court deems necessary and proper.

61. State and federal law, under the circumstances here, would otherwise also authorize the granting of equitable relief, including an injunction.

WHEREFORE, Plaintiff Littleton Coin requests that this honorable Court:

A. Issue a comprehensive declaratory judgment under Counts I, II and III stating the rights and obligations of the parties and, specifically, that:

1) There is no private right of publicity or privacy or exclusive right of ownership or interest in any likeness or other aspect of the persona of President Ronald Reagan, an important government official and political figure, when he is depicted as such, and no such right would prohibit the appropriation of the name or likeness of President Ronald Reagan.

2) NCM has no enforceable exclusive right of publicity or privacy or exclusive right of ownership or interest in or concerning currency, coins or medals and associated promotional materials bearing the image of former President Reagan that are coated with precious metals or have President Reagan's colorized image as President applied to the surface of the coin or medal.

3) Any federal or state law or statute contrary to the declarations set forth in paragraphs A(1) and C2) of this claim for relief is unconstitutional under the First and Fourteenth Amendments to the United States Constitution.

4) Any law or statute of another state contrary to the declarations set forth in paragraphs A(1) and C2) of this claim for relief that purports to be operative in New Hampshire is unconstitutional under Article 22 of the New Hampshire Constitution.

5) Littleton Coin's advertising and sale of Reagan Presidential Medals is not actionable under the Lanham Act, 15 U.S.C. § 1125, or otherwise actionable under federal or state law of unfair competition, for its advertisements and sale of Reagan Presidential Medals does not implicate any false designation of origin, false description of its own or NCM's competing products, or actionable dilution of the sales of NCM's competing products.

B. Under Count IV, award Littleton Coin its actual damages plus its costs of suit and attorneys' fees, and at least twice but not more than three times such damages due to NCM's willful and knowing misconduct.

C. Under Count V, award Littleton Coin its actual damages plus its costs of suit and enhanced or liberal compensatory damages due to NCM's wanton, malicious and/or oppressive misconduct.

D. Under Count VI, preliminarily and then permanently enjoin NCM from interfering with Littleton Coin's right to purchase, plate, coat and/or sell and resell currency, coins or medals and associated promotional materials bearing the image of former President Reagan that are or may be coated with precious metals or have President Reagan's colorized image as President applied to the surface of the coin or medal, including but not limited to Reagan Presidential Medals.

E. Grant such other and further relief as the Court deems just and appropriate.

**PLAINTIFFS HEREBY DEMANDS A TRIAL BY JURY PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

St. Johnsbury, Vermont

August 10, 2004

DOWNS RACHLIN MARTIN PLLC

By:______________________________

Bruce C. Palmer
NH Bar # 7927
90 Prospect Street
P.O. Box 99
St. Johnsbury, Vermont 05828
Phone 802-748-8324
Fax 802-748-4394
bpalmer@drm.com

ATTORNEYS FOR LITTLETON COIN COMPANY, INC.

STJ.193804.2