07/20/2004 14:56 FAX 212 382 0888         OSTROLENK, FABER                                    ☒001

# OSTROLENK, FABER, GERB & SOFFEN, LLP

1180 AVENUE OF THE AMERICAS, NEW YORK, NEW YORK 10036-8403
TEL 212 382 0700   FAX 212 382 0888   FAX 212 398 0681
email@ostrolenk.com

| PARTNERS | | ASSOCIATES | | OF COUNSEL | WASHINGTON OFFICE |
|---|---|---|---|---|---|
| SAMUEL M. WEINER | DOUGLAS A. MIRO | PETER S. SLOANE | J. ANTHONY LOVENSHEIMER | MARTIN FLEISHER | 1925 K STREET, N.W. |
| ROBERT C. FABER | ALFRED R. FABRICANT | MARY G. FONTENOT | CHRISTOPHER PARADIES, PH.D | LEON ZITVER* | WASHINGTON, D.C. 20006 |
| MAX MOSKOWITZ | MARC LIEBERSTEIN | JOEL J. FELBER** | BRYAN N. DEMATTEO | LAWRENCE A. HOFFMAN | TEL 202 457 7785 |
| JAMES A. FINDER | LAWRENCE G. DRUCKER | BRENDAN J. KENNEDY** | | MARTIN J. BERAN | FAX 202 429 8919 |
| WILLIAM O. GRAY, III | | KOUROSH SALEHI* | | PAUL GRANDINETTI+ | |
| LOUIS C. DUIMICH | | DOUGLAS Q. HAHN | | JOSEPH J. ZITO* | *DCBAR |
| CHARLES P. LAPOLLA | | | | KLAUS P. STOFFEL | **CONNECTICUT BAR |
| | | | | MARK A. FARLEY | |

## FACSIMILE TRANSMITTAL SHEET

DATE:   July 20, 2004

NUMBER OF PAGES, INCLUDING COVER: **20**

TO:

| NAME/COMPANY | FACSIMILE NO. | |
|---|---|---|
| Ed Hennessey<br>Littleton Coin Company, Inc. | (603) 444-6119 | ☐ SUCCESSFULLY FAXED |
| | | ☐ SUCCESSFULLY FAXED |
| | | ☐ SUCCESSFULLY FAXED |

FROM:   Marc Lieberstein, Esq.

OFGS FILE NO.:   7/4559-4                    RETURN TO:   Carol Kupferberg

**IF YOU DID NOT RECEIVE ALL THE PAGES, PLEASE PHONE (212) 382-0700 AS SOON AS POSSIBLE.**

This message is intended only for the use of the individual(s) to which it is addressed, and may contain information that is privileged, confidential or exempt from disclosure under applicable law. If the reader of this message is not an intended recipient, or the employee or agent responsible for delivering the message to an intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address by mail. Thank you.

MESSAGE:

Ed:

Please contact me to discuss.

Marc A. Lieberstein

00665020.1

## LICENSE AGREEMENT

AGREEMENT, having an effective date of July ___, 2004 (the "Effective Date"), by and between National Collector's Mint, Inc. and ("NCM") a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at: 8 Slater Street, Port Chester, New York, 10573, and Littleton Coin Company, Inc. ("Littleton") a corporation organized and existing under the laws of the State of _____ with a principal place of business at:_____ (collectively NCM and Littleton are the "Parties").

WHEREAS, NCM is the owner of the exclusive rights to use the name, likeness and image of President Ronald Reagan in connection with selected coin and collectible products in the United States as set forth in Exhibit A hereto.

WHEREAS, Littleton is in the business of making or having made, and selling and offering to sell coins and related collectible products.

WHEREAS, Littleton offers for sale and sells coins, medals and/or collectible products bearing the likeness and image of President Ronald Reagan as shown in Exhibit B hereto.

WHEREAS, Littleton desires a license from NCM to sell and offer to sell the products in Exhibit B bearing the likeness and image of President Ronald Reagan (hereinafter the "Licensed Products").

NOW, THEREFORE, and in consideration of the mutual understanding and obligations set forth herein, the Parties hereto agree as follows:

00664981.1

07/20/2004 14:56 FAX 212 382 0888     OSTROLENK, FABER                                 ☒003

## ARTICLE I: DEFINITIONS

For the purpose of this Agreement, the following terms shall have the following meaning:

1.1 "NCM" shall mean and include National Collector's Mint, Inc. and any successors-in-interest, executives, officers, directors, employees, managing agents, agents, representatives, and any other persons or entities purporting to act on behalf of, or in concert with, NCM.

1.2 "Littleton" shall mean and include Littleton Coin Company, Inc. and any respective successors-in-interest, executives, officers, directors, employees, managing agents, agents, representatives, and any other persons or entities purporting to act on behalf of or in concert with Littleton.

1.3 The term "Reagan Image" shall mean any use of the name, likeness and/or image of the late President Ronald Reagan, and all rights associated with the same.

1.4 The term "Exclusive Rights" shall mean NCM's exclusive rights to use the Reagan Image in selected collectible coins and products identified in Exhibit A hereto.

1.5 The term "Licensed Products" shall mean only the product shown in Exhibit B hereto.

## ARTICLE II: LICENSE AND COVENANT

2.1 Subject to the payment terms set forth in Paragraphs 2.4 and 2.5 herein, NCM hereby grants to Littleton a non-exclusive license to make and sell the Licensed Products shown in Exh. B, without the right to grant sublicenses.

07/20/2004 14:56 FAX 212 382 0888        OSTROLENK, FABER                        ☑004

2.2     Littleton hereby covenants to NCM, except as provided for in this Agreement, that Littleton will not make, use, sell, advertise or solicit sales for any coins, medals or other products covered by the NCM's Exclusive Rights, either at the retail or wholesale level.

2.3     No implied or other license is granted other than as set forth in Paragraph 2.1 of this Agreement. It is expressly understood that the license granted herein is specifically limited to the Licensed Products shown in Exh. B and that the license granted to Littleton will not and does not extend to any other uses of the NCM Exclusive Rights, unless expressly authorized by NCM to Littleton in writing.

2.4     For all Licensed Products sold at wholesale by Littleton, Littleton will pay NCM Eighteen Percent (18%) of the Net Sales. For all Licensed Products sold at retail by Littleton, Littleton will pay NCM Nine Percent (9%) of the Net Sales. For purposes of this Agreement, "Net Sales" shall mean the total price of the Licensed Products actually shipped less: (i) returns from or allowances to customers, (ii) sales tax, value added tax and other taxes and duties included in the purchase price or paid out of receipts from the sales; (iii) shipping and handling charges and (iv) a three percent (3%) allowance for bad debts. All payments to NCM for Littleton's sale of the Licensed Products shall be made to NCM within ten (10) days of the end of each month commencing after the effective date of this Agreement.

2.5     All payments provided for under this Agreement shall accrue whenever the Licensed Products are or were shipped, and shall include payments for Licensed Products shipped both before and after the effective date of this Agreement. Unless otherwise authorized in writing by NCM, payments shall made by Littleton to NCM on any Licensed Products at the then current royalty price

p 4                                                                    JUL-21-04 WED 8:53 AM

for said Licensed Products even if not billed to a customer by Littleton, including, but not limited to introductory offers, promotions or distributions, made by or on behalf of Littleton.

### ARTICLE III: RECORD KEEPING, AUDITS AND QUALITY CONTROL

3.1    Simultaneous with the submission of any payments for the Licensed Products, and not later than the ten (10) days after the end of each month, and regardless of whether any payment is due, Littleton shall submit a monthly report of sales, setting forth the number, description and invoice price of any Licensed Products sold, the gross sales price, returns actually received, and discounts and allowances actually granted, and the Net Sales. Any payment which is not paid on or before the due date thereof shall thereafter bear interest at the Prime Rate, plus two (2%) percent, which shall be payable on demand.

3.2    The receipt or acceptance by NCM of any reports furnished pursuant to this Agreement, or the receipt or acceptance of any payments, shall not preclude NCM from questioning the correctness thereof at any time thereafter for a period of three (3) years after termination of this Agreement.

3.3    Littleton shall maintain appropriate books of account and records, of all its operations under or in connection with this Agreement all in accordance with generally accepted accounting principles (including, without limitation, a sales journal, sales return journal, cash receipt book, general ledger, purchase orders, cutting tickets, and inventory records) and shall make best efforts to make accurate entries concerning all transactions relevant to this Agreement.

3.4    During the term of this Agreement and for three (3) years thereafter, NCM shall have the right, at its own expense, on reasonable notice to Littleton (but in no event need such notice be

more than thirty (30) business days) and during regular business hours, to examine, photocopy, and make extracts from such books of account and other records, documents and materials (including, but not limited to, invoices, purchase orders, sales records, and reorders) to the extent needed to confirm sales, payments and other matters relating to compliance with this Agreement, which shall be maintained and kept by Littleton during the period specified herein.

3.5    All such books of account and records shall be kept available by Littleton at the address referred to herein for three (3) years after the termination, expiration, or mutual release from this Agreement.

3.6    If any examination or audit by NCM for any period discloses that the actual Net Sales for that period exceeded those reported by more than three percent (3%), Littleton shall pay the reasonable cost of such examination or audit in addition to the amount such examination or audit discloses is owed to NCM together with interest on the unreported amount at a rate equivalent to the Prime Rate plus two (2%) percent. All payments due pursuant to this paragraph must be made within thirty (30) days after Littleton receives notice thereof. NCM shall not have the right to examine or audit Littleton's books and records more than once in any 12-month period during the term hereof, except that if any such examination or audit discloses that actual Net Sales for the period reported exceeded the Net Sales reported by more than ten (10%) percent, NCM will thereafter have the right to examine or audit Littleton's books and records in accordance herewith on a quarterly basis.

3.7    Littleton shall not, at any time or in any manner, knowingly or intentionally, engage in any activity or perform or permit any act which may in any way adversely affect any rights of NCM to the Exclusive Rights or any registrations or applications for registration thereof or which

07/20/2004 14:57 FAX 212 382 0888        OSTROLENK, FABER                              ☒007

may directly or indirectly reduce the value of the Reagan Image or derogate or detract from the repute thereof. To the extent that Littleton should have known that the consequences of the aforesaid action taken by or on behalf of Littleton, or caused by Littleton, was likely to materially adversely affect the interests of NCM, such action shall be deemed to be a breach of this Agreement, whether or not Littleton engaged in such action knowingly and/or intentionally.

### ARTICLE IV: CONSIDERATION AND VALIDITY

4.1     Littleton acknowledges that the Exclusive Rights granted to NCM in Exh. A hereto are valid and enforceable.

4.2     Littleton agrees that it will not directly or indirectly challenge the validity and/or the enforceability of the Reagan Image and the Exclusive Rights, nor will it voluntarily assist any other party in challenging the validity and/or the enforceability of the Reagan Image or the Exclusive Rights in any legal, court, administrative, or other proceeding.

4.3     Littleton recognizes the great value of the goodwill associated with the Reagan Image and the Exclusive Rights and acknowledges that such goodwill belongs exclusively to NCM, and that Littleton shall acquire no proprietary rights in the Exclusive Rights or their goodwill by virtue of this Agreement. Littleton further recognizes that the Reagan Image and the Exclusive Rights have acquired secondary meaning in the mind of the public. Accordingly, Littleton agrees that the breach of its obligations under this Agreement (other than breaches relating to the payment of monetary sums) will cause NCM irreparable damages which may not be compensable by monetary damages, and that in the event of such breach, in addition to any other rights or remedies which NCM may

07/20/2004 14:59 FAX 212 382 0888     OSTROLENK, FABER                    ☒008

have, NCM may seek and obtain injunctive relief, without the necessity of posting bond (unless otherwise required by law.)

4.4  Littleton shall display on or in connection with the Licensed Products the following notation: "These products are approved and sold under license from National Collector's Mint Inc. as authorized by the Ronald Reagan Presidential Library Foundation".

4.5  Littleton shall promptly notify its customers that NCM has granted Littleton a license for the Licensed Products in the form attached in Exh. C.

4.6  Littleton shall promptly notify NCM if any legal action is instituted against Littleton relating to its use of the Licensed Products. Littleton shall also promptly notify NCM of any counterfeiting or other infringement of the Exclusive Rights, or any diversion of the Licensed Products from the licensed channels of distribution, of which Littleton becomes aware. NCM shall have the sole discretion, to institute legal action or take any other actions which are reasonably deemed necessary to protect the Exclusive Rights, and Littleton shall fully cooperate with NCM in any such action.

## ARTICLE V: WARRANTIES AND REPRESENTATIONS

Each Party to this Agreement represents and warrants to the other that (a) it has carefully read this Agreement and understands it and its legal meaning; (b) it is executing this Agreement under its own free will and without being coerced, unduly influenced, or induced to do so by anything done or not done by the Parties, other than what is contained in this Agreement; (c) it recognizes this Agreement to be a full, final, and complete Agreement, except as otherwise provided herein; (d) it has not assigned, transferred, conveyed or otherwise disposed of any of the rights or obligations

p. 8                                                                      JUL-21-04 WED 8:56 AM

transferred herein; (e) it has the right(s) to enter into this Agreement; and (f) it has full authority to execute this Agreement without the necessity of obtaining the consent of another party.

## ARTICLE VI: NOTICE

In any case where any notice or other communication is required or permitted hereunder, such notice or communication shall be in writing and (i) personally delivered, or (ii) sent by established courier service to the address of a Party set forth below. All such notices shall be deemed given and received (a) upon receipt if personally delivered, or (b) when delivery is confirmed if sent by courier service.

To:    Avram Freedberg  
       National Collectors Mint, Inc.  
       8 Slater Street  
       Port Chester, New York 10573

With a copy to:

       Marc Lieberstein, Esq.  
       OSTROLENK, FABER, GERB & SOFFEN  
       1180 Avenue of the Americas  
       New York, New York 10036

To:    _____  
       Littleton Coin Company, Inc.  
       One Littleton Coin Place  
       Littleton, NH 03561-3735

With a copy to:

       [FILL IN]  
       _____  
       _____  
       _____

00664981.1                                          8

## ARTICLE VII: TERM AND TERMINATION

This Agreement terminates upon NCM's abandonment, or the expiration or termination of its interest in the Exclusive Rights granted to NCM under Exh. A hereto.

## ARTICLE VIII: APPLICABLE LAWS

This Agreement shall be deemed to be an agreement made under, and to be construed and governed by, the laws of the State of California, exclusive of its choice of law rules. The Parties expressly agree that any and all disputes arising out of or concerning this Agreement or the Licensed Products shall be litigated and adjudicated exclusively in the State and/or Federal Courts of the State of New York and each party consents to and submits to jurisdiction in said Courts.

## ARTICLE IX: SEVERABILITY

Whenever possible, each provision of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law. If the application of any provision of this Agreement to any particular facts or circumstances shall be held to be invalid or unenforceable by a court of competent jurisdiction, then (i) the validity and enforceability of such provision as applied to any other particular facts or circumstances and the validity of other provisions of this Agreement shall not in any way be affected or impaired thereby, and (ii) such provision shall be enforced to the maximum extent possible so as to effect the intent of the Parties and shall be reformed without further action by the Parties to the extent necessary to make such provision valid and enforceable while preserving the original intent of the Parties.

### ARTICLE X: HEADINGS

This section or other headings herein are inserted only for convenience and ease of reference and are not to be considered in the construction or interpretation of any provision of this Agreement. Unless otherwise stated, references to Sections herein are references to Sections hereof.

### ARTICLE XI: WAIVER

The waiver by either Party of a breach of or a default under any provision of this Agreement shall be in writing and shall not be construed as a waiver of any subsequent breach of or default under the same or any other provision of this Agreement, nor shall any delay or omission on the part of either Party to exercise or avail itself of any right or remedy that it has or may have hereunder or by law or at equity operate as a waiver of any right or remedy.

### ARTICLE XII: COUNTERPARTS

This Agreement may be executed in any number of counterparts, each of which shall be deemed an original and all of which shall constitute one and the same Agreement.

### ARTICLE XIII: ENTIRE AGREEMENT

This Agreement together with the Exhibits hereto constitutes the entire agreement between the Parties pertaining to the subject matter hereof and supersedes all previous communications, agreements, and understandings between the Parties relating to the subject matter hereof. Neither Party has entered into this Agreement in reliance upon any representation, warranty, or undertaking of the other Party that is not set out or referred to in this Agreement. No amendment or modification

00664981.1                                    10

of any provision of this Agreement shall be effective unless in writing and signed by a duly authorized representative of each Party.

## ARTICLE XIV: APPROVALS AND CONSENTS

Except as expressly provided otherwise in this Agreement, where agreement, approval, acceptance, or consent by either Party is required by any provision of this Agreement, that action will not be unreasonably delayed or withheld.

## ARTICLE XV: FURTHER ASSURANCES

Each Party will, at the other's request, enter into additional agreements or assignments, or will obtain other documentation as is reasonably necessary to give effect to this Agreement.

## ARTICLE XVI: REPRESENTATION OF COUNSEL; MUTUAL NEGOTIATION

Each Party acknowledges it has had the opportunity to be represented by counsel of its choice in negotiating this Agreement. This Agreement will therefore be deemed to have been negotiated and prepared at the joint request, direction, and construction of the Parties at arms length, with the advice and participation of counsel, and will be interpreted in accordance with its terms without favor to any Party.

00664981.1                                          11

JUL-21-04 WED 8:59 AM
07/20/2004 14:59 FAX 212 382:0888      OSTROLENK, FABER

P.13

☒013

### ARTICLE XVII: NO AGENCY

Nothing contained herein shall be deemed to constitute any party as the agent of any other party for any purpose.

\* \* \* \*

IN WITNESS HEREOF, the Parties have caused this Agreement to be executed by their duly authorized representatives as of the day and year first written above.

National Collector's Mint, Inc.

Date:_____, 2004      By:_____
                                Avram Freedberg, President


Littleton Coin Company, Inc.

Date:_____, 2004      By:_____
                          Name:
                          Title:

JUL-21-04 WED 8:59 AM
07/20/2004 14:59 FAX 212 382 0888    OSTROLENK, FABER

P. 14

☒014

EXHIBIT A



# NATIONAL COLLECTOR'S MINT, INC.
U.S. COINS AND CURRENCY • CERTIFIED COINS • WORLD COINS AND CURRENCY • BULLION COINS AND COMMEMORATIVES

## SPONSORSHIP AGREEMENT

THIS IS A SPONSORSHIP AGREEMENT ("Agreement") dated as of March 31, 2003 between NATIONAL COLLECTOR'S MINT, INC., 8 Slater Street, Port Chester, NY 10573 ("NCM") and THE RONALD REAGAN PRESIDENTIAL FOUNDATION, 40 Presidential Drive, Suite 200, Simi Valley, CA 93065 ("Sponsor").

### Background

A. NCM is engaged in the business of marketing throughout the world high quality collectibles, coins and other products.

B. The Sponsor is a public charity dedicated to completing President Reagan's unfinished work and to promote the timeless principles he championed: individual liberty, economic opportunity, global democracy and national pride.

C. This Agreement arises out of a proposal to design, develop and market 7 collectible Programs (as herein defined on Exhibit A) utilizing the name, likeness, image and signature of Ronald W. Reagan (the "Programs").

NOW, THEREFORE, intending to be legally bound hereby and in consideration of the mutual covenants contained herein, the parties hereto agree as follows:

1. **Commission and Sponsorship**

    1.1 Sponsor hereby authorizes NCM to create, design, manufacture and market the Programs throughout the world. Sponsor further authorizes NCM to make reference to NCM's role as the exclusive producer and distributor of the Programs.

    1.2 Sponsor shall:

    (a) give its authorized sponsorship and imprimatur to the Programs and permit the use of its name, photograph and symbol including the name, likeness, image and signature of Ronald W. Reagan in connection with the Programs and in all advertising, promotional materials, publications and publicity releases about the Programs;

    (b) at the request of NCM, cause one of its officers to sign a standard certificate of authenticity to be distributed to subscribers to the Programs; and



# EXHIBIT A

The seven collectible Programs referred to in Section C of the Agreement are concepts in progress, as follows:

1. Colorized United States legal tender coins – The likeness of President Ronald W. Reagan and/or key historic moments or elements of his presidency in color photos or renderings on an American Eagle Bullion Coin, Statehood quarters and/or other coinage.

2. One or more new foreign legal tender coins featuring the likeness of President Ronald W. Reagan and/or key historic moments or elements of his presidency.

3. Coin and currency replicas struck in gold and silver foil and/or in solid metal or covered with gold or silver featuring the likeness of President Ronald W. Reagan and/or key historic moments or elements of his presidency.

4. U.S. Mint medals (which have been specifically excluded from the medallion exclusivity granted in the Foundation's contract of December 20, 2000) covered in gold and/or silver or colorized featuring the likeness of President Ronald W. Reagan and/or key historic moments or elements of his presidency.

5. Flag of Honor featuring the likeness of President Ronald W. Reagan and/or key historic moments or elements of his presidency.

6. Regular or oversize paperweight glass or acrylic featuring the likeness of President Ronald W. Reagan and/or key historic moments or elements of his presidency.

7. ~~Presidential Portrait Doll featuring the likeness of President Ronald W. Reagan and/or key historic moments or elements of his presidency.~~

Page 6 of 6

JUL-21-04 WED 9:01 AM
07/20/2004 15:00 FAX 212 382 0888        OSTROLENK, FABER                    P.17
                                                                             ☑017

# EXHIBIT B

JUL-21-04 WED 9:02 AM                                                                          P. 18
07/20/2004 15:00 FAX 212 382 0888        OSTROLENK. FABER                                      ☒018
                                                                                        Page 1 of 1

## Product Details

**Item ID:** ST2213

**Item:** Gold and Silver Plated Ronald Reagan Medals Set with case. Due to overwhelming response, we expect this set to be available to ship by mid August.

**Item Price:** $29.95

**Quantity:** 1

🛒 add



**Description:** We're pleased to offer this longtime collector favorite featuring a pair of Presidential medals - one layered in 24K gold and the other in 99% silver - as a remembrance of Ronald Reagan, our 40th president. A portrait of Ronald Reagan is on the obverse and Yosemite's Half Dome is on the reverse. Each medal is sealed in an Air-Tite capsule, and both are displayed in a blue case. Due to overwhelming response, we expect this set to be available to ship by mid August.

NLE

http://www.littletoncoin.com/retail/products.nsf/items/ST2213?EditDocument&AutoFramed    7/9/2004

JUL-21-04 WED 9:02 AM
07/20/2004 15:00 FAX 212 382 0888     OSTROLENK, FABER                        P 19
                                                                              ☒019

**EXHIBIT C**

JUL-21-04 WED 9:02 AM
07/20/2004 15:00 FAX 212 382 0888     OSTROLENK, FABER

Dear [Littleton Customer]:

This letter serves to confirm that Littleton Coin Company, Inc. is now a licensed by National Collector's Mint, Inc. to sell the Ronald Reagan Medals Set. National Collector's Mint, Inc. is the exclusive licensee of the Ronald Reagan Presidential Library Foundation to sell select coins and medal products which bear the name, likeness and/or image of President Ronald Reagan.

Sincerely,

00664981.1

14